THOMAS M. BRUEN (SBN 63324)
ERIK A. REINERTSON (SBN 218031)
LAW OFFICES OF THOMAS M. BRUEN
A Professional Corporation
1990 N. California Boulevard, Suite 20
Walnut Creek, CA  94596
Telephone:  (925) 708-4149
Email:       tbruen@tbsglaw.com
             ereinertson@tbsglaw.com

Attorneys for Plaintiff
FORWARD, INC.

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORWARD, INC.<br><br>*Plaintiff,*<br>vs.<br><br>THE STATE OF CALIFORNIA, THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and THE CALIFORNIA DEPARTMENT OF GENERAL SERVICES<br><br>*Defendants.* | Case No.<br><br>**COMPLAINT FOR COST RECOVERY, INDEMNITY, CONTRIBUTION AND DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>**CORPORATE DISCLOSURE STATEMENT** |

Plaintiff FORWARD, INC. ("Plaintiff" or "Forward") alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought under: (a) the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, as amended; (b) the California Hazardous Substance Account Act ("HSAA"), California

1

Health & Safety Code §§ 25300, et seq.; and (c) other federal and state laws, to recover response costs and for damages, indemnity, equitable contribution and declaratory relief, relating to groundwater contamination caused by the State of California at the N.A. Chaderjian Youth Correctional Facility, the O.H. Close Youth Correctional Facility, Youth Authority Department, the California Health Care Facility, the Delta Center California Conservation Corps and related State of California facilities located at and/or in the vicinity of 7707 Austin Road and 7650 South Newcastle Road in Stockton, California (the "State Facilities"). Plaintiff has been ordered to install a groundwater extraction and treatment system at the State Facilities, based on a determination by the Central Valley Regional Water Quality Control Board ("Regional Board") that the Forward Landfill has caused volatile organic compounds ("VOCs") to contaminate groundwater underlying the State Facilities. This determination is embodied in a 2017 Cleanup and Abatement Order issued by the Regional Board to Forward (the "2017 CAO"). However, the main concentrations of VOCs at the State Facilities are not due to groundwater contamination caused by the Forward Landfill. Forward is informed and believes the main concentrations of VOCs are present at the State Facilities due to releases caused by the Defendants. These releases occurred when the Defendants owned and/or controlled the State Facilities. Plaintiff's compliance with the Regional Board's requirements will result in the removal of VOC contamination at the State Faciliies, most if not all of which contamination is due to releases which occurred at the State Facilities, and which are not from the Forward Landfill. But for the VOC contamination caused by the Defendants at the State Facilities, Plaintiff would likely not have been required to install a groundwater extraction and treatment system at the State Facilities, because it is only at the State Facilities that there are total VOCs that exceed the Regional Board's condition for triggering the interim remedy requirement in the 2017 CAO. By this action, Plaintiff seeks to recover from the State its costs in extracting and treating groundwater at the State Facilities, and in meeting any other requirements of the Regional Board that Forward remove or remediate VOCs at the State Facilities.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to section 111(b) of CERCLA, 42 U.S.C. § 9613(b), section 2201 of the Declaratory Relief Act, 28 U.S.C. § 2201, and the federal question jurisdiction statute, 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 9613 (b) because the events, omissions, releases and damages giving rise to Plaintiff's claims occurred in this judicial district and the property that is the subject of the action is situated in this district.

## THE PARTIES

4. Plaintiff Forward, Inc. is a California corporation. Plaintiff is the owner and operator of the Forward Landfill located near Stockton, California.

5. Defendants Department of General Services (DGS) and Department of Corrections and Rehabilitation (CDCR) are agencies of the State of California. The State of California is a state of the Union. Defendants State of California, DGS and CDCR (collectively "Defendants") owned and/or operated the State Facilities at the time of the events alleged in this Complaint.

6. Plaintiff's investigation regarding its claims and the activities of Defendants and possibly others on or about the State Facilities is ongoing. Plaintiff will seek to amend this Complaint should Planitff discover that other parties are also responsible for the releases, events and/or damages alleged herein.

7. Based on information and belief, Plaintiff alleges that each of the Defendants is, and was, statutorily, equitably, tortiously, contractually or in some other manner, responsible in whole or in part, for the contamination, release, damages and injuries alleged herein. Defendants, and each of them, have acted as the agents, one for the other, with the authority and consent of one another, and materially assisted one

another, as more particularly described herein, negligently, recklessly, or with the intent to cause the releases and contamination alleged in this Complaint. Each Defendant is responsible in some manner for the acts, occurrences and liabilities alleged herein.

8. Each of the Defendants is a "person" as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and in the HSAA, California Health & Safety Code § 25319.

## GENERAL ALLEGATIONS

9. The Forward Landfill is comprised of the former Forward Landfill and the former Austin Road landfill. The former Austin Road Landfill was originally opened in 1954 by the City of Stockton and accepted municipal solid waste. The former Austin Road Landfill was not constructed with a base liner or collection system for liquids accumulating within the waste mass.

10. In approximately 1989 volatile organic compounds ("VOCs") primarily consisting of tetrachloroethylene (commonly known as "PCE") and trichloroethylene (commonly known as "TCE") were detected extending northward from the former Austin Road Landfill in the intermediate groundwater aquifer or zone. In 1991, a corrective action plan to address this groundwater contamination was approved by the Regional Board for implementation by the City of Stockton.

11. Plaintiff purchased the former Austin Road landfill from the City of Stockton in 2000. The former Austin Road Landfill was adjacent to the former Forward Landfill, and in 2002 the County of San Joaquin granted a use permit to Plaintiff to combine the former Austin Road Landfill with the former Forward Landfill into a single disposal site with a single permit. The combined landfill is now known as the Forward Landfill.

12. Following Plaintiff's purchase of the former Austin Road Landfill, and in 2008, the Regional Board issued a Cleanup and Abatement Order (the "2008 CAO") requiring Plaintiff, among other things, to control the migration of VOCs in groundwater from the landfill. In April 2017, the Regional Board rescinded the 2008 CAO and issued

a new Cleanup and Abatement Order (the "2017 CAO") requiring Forward to conduct additional investigations to "delineate the vertical and lateral extent of the release of VOCs to groundwater from the landfill," and to install corrective action systems to control and capture the migration of contaminants from the Forward Landfill. The 2017 CAO also required Forward to propose the installation of groundwater extraction wells and a groundwater treatment system as an "interim remedy" to address areas north of the landfill where total VOCs in excess of 25 parts per billion had been detected. The 2017 CAO required that these additional extraction wells be located near the center of the plume mass north of the Forward Landfill. The 2017 CAO was adopted by the Regional Board after extensive involvement by Regional Board staff and following advanced public notice provided in accordance with the California "Open Meetings Law" (Ralph M. Brown Act, Government Code § 54950 et seq.) and at a public hearing of the Regional Board.

13. The Forward Landfill shares a common boundary with the State Facilities, which are immediately north of the landfill. Therefore, in order to comply with the 2017 CAO, Forward needed access to the State Facilities to conduct a site investigation to determine the location of potential extraction wells and to design and install a system that would treat groundwater extracted by these wells.

14. Plaintiff is informed and believes that the State Facilities are operated by CDCR. Forward's consultants contacted CDCR to arrange for site access in early 2017. CDCR told Forward's consultants that CDCR would need a "right-of-entry" agreement with Forward, including insurance requirements, and that CDCR would prepare the first draft of this agreement. In October 2017, CDCR transmitted the first draft of the right-of-entry agreement to Forward. Forward promptly responded with proposed edits to the agreement and by December 2017 Forward's counsel was asking CDCR for finalization and execution of the agreement. From 2017 and continuing throughout 2020, CDCR was unable to finalize the proposed right-of-entry agreement to the State Facilities. CDCR gave several reasons to Forward for this delay, including the press of business, the need

COMPLAINT FOR COST RECOVERY, INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF

to locate state records on the property, the need to consult with other state agencies including DGS and the State Department of Finance, and delays due to the COVID pandemic. As a result, the right-of-entry agreement allowing Forward and its consultants access to only a portion of the State Facilities was not approved by the State agencies until February 2021, when the right-of-entry agreement between Forward and the State, acting by and through the Director of DGS and with the consent of CDCR, was signed on February 19, 2021.

15. After Forward's consultants obtained security clearances from CDCR, they were allowed to conduct a limited utility and sewer location survey on a portion of the State Facilities in mid-2021. Forward subsequently obtained direction from the Regional Board and permission from CDCR, starting in May 2022, to begin the installation of subsurface probes, monitoring wells, piezometers, and a single test extraction well at a central "administration portion" of the State Facilities to which Forward was allowed access. For security reasons, Forward's consultants were not allowed access to the areas of the State Facilities that housed facility residents. Soil, soil vapor and groundwater samples, and other data, were obtained from the site investigation in the summer of 2022 and later in 2023.

16. The laboratory samples and other data obtained by Forward's consultants in 2022 and 2023 show that there is a separate and localized source of VOC contamination at the State Facilities. Forward is informed and believes that this contamination is due to prior activities of the Defendants at the State Facilities, including the operation of a dry cleaning facility, the use of halogenated solvents in facility maintenance and a chlorinated well-water treatment system that supplied drinking water to facility residents and staff.

17. At the direction of and under the supervision of the Regional Board, Forward is initiating the installation of an extraction and treatment system at the State Facilities that will extract and treat the groundwater contamination at the State Facilities. The Regional Board has threatened Forward with the imposition of substantial civil

penalties if Forward does not promptly follow the Regional Board's direction. The investigation performed by Forward's consultants at the State Facilities in the summer of 2022 and continuing into this year indicate that, while some VOCs in the intermediate groundwater zone at the State properties, such as PCE and TCE, might be from the former Austin Road Landfill, the majority of the VOCs found in groundwater at the State Facilities are the result of one or more localized releases of VOCs at the State Facilities. Forward is informed and believes these localized releases resulted from the acts, omissions and operations of the Defendants at these facilities, and that such releases occurred when the Defendants owned and/or controlled these facilities and had the ability to prevent such releases.

18. The VOCs released at the State Facilities constitute "Hazardous Substances," as defined in 42 U.S.C.§ 9601(14) and Cal. Health & Safety Code §25316. Forward is informed and believes that as a proximate result of the Defendants' acts, omissions or conduct, these Hazardous Substances were released into the environment at the State Facilities, causing groundwater contamination at these facilities.

19. Plaintiff has submitted a claim to the State of California for reimbursement of Plaintiff's costs alleged herein, which the State has denied. Forward has complied with the claims filing requirement in California Government Code sections 905.2 and 910 et seq.

20. Concurrent with the filing of this action, Plaintiff has provided a copy of this Complaint to the United States Attorney General and to the Administrator of the United States Environmental Protection Agency pursuant to 42 U.S.C. § 9613(l), and to the Director of the California Department of Toxic Substances Control pursuant to California Health and Safety Code section 25363(d).

## FIRST COUNT
### (CERCLA)

21. Plaintiff incorporates each of the preceding paragraphs by reference as though set forth fully herein.

22. The State Facilities are a "facility" within the meaning of CERCLA section 101(9), 42 U.S.C. § 9601(9).

23. Defendants, and each of them, owned and/or operated the State Facilities at the times Hazardous Substances were released and disposed of at these facilities, within the meaning of CERCLA section 107(a)(2), 42 U.S.C. §9607(a)(2), and the HSAA.

24. Defendants, and each of them, arranged for the disposal and release of Hazardous Substances at the State Facilities, within the meaning of CERCLA section 107(a)(3), 42 U.S.C. § 9607(a)(3), and the HSAA.

25. As a result of the Defendants' conduct, there have been actual or threatened releases of Hazardous Substances at and from the State Facilities, within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22), and the HSAA.

26. As a result of the actual and threatened release of Hazardous Substances at the State Facilities, Plaintiff has and will continue to incur necessary response costs consistent with the National Contingency Plan (the "NCP"), including but not limited to costs incurred by Plaintiff to install, operate and maintain a groundwater extraction and treatment system for groundwater at the State Facilities, and in meeting any other requirements of the Regional Board that Forward remove or remediate VOCs at the State Facilities, and including attorneys' fees.

27. Defendants, and each of them, have controlled and managed the State Facilities at various times, as alleged herein, so as to affect, influence, manage and control the release and disposal of Hazardous Substances at the State Facilities.

28. Defendants are liable to Plaintiff for cost recovery and all necessary response costs consistent with the NCP pursuant to CERCLA section 107, 42 U.S.C. § 9607, including all costs incurred by Plaintiff to install, operate and maintain a groundwater extraction and treatment system at the State Facilities, and for Plaintiff's costs in meeting any other requirements of the Regional Board that Forward remove or remediate VOCs at the State Facilities, and including attorneys' fees.

## SECOND COUNT

(Hazardous Substance Account Act)

29. Plaintiff incorporates each of the preceding paragraphs by reference as though set forth fully herein.

30. The HSA provides that Plaintiff can recover removal and or remedial action costs from "liable" persons, which costs Plaintiff has incurred and will incur to remove the release or threatened release of Hazardous Substances at the State Facilities within the meaning of Health and Safety Code section 25363 (e).

31. Defendants, and each of them, are" liable persons" within the meaning of California Health and Safety Code section 25323.5.

32. The State Facilities are a "site" within the meaning of California Health and Safety Code section 25323.9.

33. At the State Facilities, there have been and continue to be actual and threatened "releases" of Hazardous Substances by Defendants, and each of them, within the meaning of California Health and Safety Code sections 25320-25321.

34. Plaintiff has incurred and will continue to incur removal costs and may potentially incur future remedial action costs to respond to Hazardous Substances released or threatened to be released at the site by Defendants, and each of them, within the meaning of California Health and Safety Code sections 25322-25323.

35. Plaintiff is entitled to total contribution, or contribution in such other percentage as the Court deems proper, from Defendants, and each of them, pursuant to California Health and Safety Code section 25363, including attorneys' fees.

## THIRD COUNT

(Equitable Indemnity)

36. Plaintiff incorporates each of the preceding paragraphs by reference as though set forth fully herein.

37. Any liability which Plaintiff may have under any law or to any person or entity, including without limitation the Regional Board or other regulatory agencies,

directing Plaintiff to remove or remediate the Hazardous Substances at the State Facilities arises from the acts or omissions of the Defendants, and each of them, or by reason of the Defendants' negligence, carelessness, breach of agreement or warranty, or by operation of law, or in some other manner.

38. The Hazardous Substances at the State Facilities are due to the original, active and primary negligence, fault or conduct of the Defendants, and each of them. The actions of or conduct by Plaintiff regarding the State Facilities have been and will be secondary, passive or derivative only.

39. By virtue thereof, Plaintiff is entitled to full and complete indemnification, or alternatively, partial indemnification or equitable apportionment of liability, for all costs and expenses incurred by Plaintiff arising out of or relating to the Hazardous Substances at the State Facilities

40. By reason of the actions and omissions of the Defendants, and each of them, Plaintiff has been forced to retain counsel to advise and represent Plaintiff in connection with the Hazardous Substances at the State Facilities. Plaintiff seeks reimbursement for its attorneys' fees and costs pursuant to section 1021.6 of the California Code of Civil Procedure.

## FOURTH COUNT

(Equitable Contribution)

41. Plaintiff incorporates each of the preceding paragraphs by reference as though set forth fully herein.

42. By reason of the foregoing, Plaintiff is entitled to full and complete contribution, or alternatively, partial contribution as the Court deems proper, from Defendant, and each of them, for all costs and expenses incurred by Plaintiff arising out of or relating to the Hazardous Substances at the State Facilities.

\\
\\
\\

## FIFTH COUNT

(Unjust Enrichment)

43. Plaintiff incorporates each of the preceding paragraphs by reference as though set forth fully herein.

44. Defendants, and each of them, have failed to perform their duty to investigate, remove and remediate the Hazardous Substances released into the environment at the State Facilities. Defendants' failure to take this action has forced Plaintiff to undertake and continue to undertake substantial efforts to assess, remove and potentially to remediate the Hazardous Substances at the State Facilities. Substantial additional work will be required to fully investigate, remove and remediate the Hazardous Substances at the State Facilities.

45. Plaintiff's expenditures to investigate and remove the Hazardous Substances have conferred and will confer a benefit on Defendants which it would be unjust and inequitable for Defendants to retain.

46. Plaintiff is entitled to restitution from each Defendant for all costs of removal and remediation of the Hazardous Substances at the State Facilities and for consequential damages related thereto.

## SIXTH COUNT

(Declaratory Relief)

47. Plaintiff incorporates each of the preceding paragraphs by reference as though set forth fully herein.

48. There has arisen and now exists an actual controversy between Plaintiff and the Defendants regarding the parties' respective rights and obligations concerning past and future costs to assess, characterize, remove and/or remediate the Hazardous Substances at the State Facilities

49. Plaintiff contends that Defendants, and each of them, are liable for all past and future costs pursuant to CERCLA, the HSAA, and other federal and state laws. Plaintiff further contends that Defendants must defend, indemnify and hold Plaintiff

harmless from all such past and future costs and any other damages suffered by Plaintiff arising from or relating to the Hazardous Substances at the State Facilities. Plaintiff is informed and believes that each Defendant disputes Plaintiff's contentions.

50. A judicial determination is necessary and appropriate at this time in order that Plaintiff may ascertain its rights against the Defendants.

51. Plaintiff requests that this Court enter the declaratory judgment prayed for herein and retain jurisdiction over this action to grant Plaintiff such further relief against the Defendants as is necessary and proper to effectuate the Court's declaration.

**WHEREFORE,** Plaintiff prays for judgment in its favor against each of the Defendants, as follows:

1. For compensatory damages in an amount to be proven at trial, including without limitation, past and future costs to assess, characterize, remove, and remediate the Hazardous Substances at the State Facilities;

2. For a declaration that Defendants, and each of them, are liable for all past and future removal and response costs including, without limitation, costs incurred to or to be incurred to assess, characterize, remove, and remediate the Hazardous Substances at the State Facilities as required by the Regional Board and other regulatory agencies;

3. For a judgment ordering Defendants, each of them, to defend, indemnify, and hold the Plaintiff harmless with respect to all past and future liability, loss, cost, obligations, or commitments arising out of or relating to the Hazardous Substances at the State Facilities;

4. For all incidental and consequential damages, in an amount to be proven at trial, plus prejudgment interest on all such damages at the maximum rate allowed by law from the time Plaintiff incurred each cost and damage;

5. For retention of jurisdiction of this action by this Court after entering the requested declaratory judgment in order to grant Plaintiff such further relief

COMPLAINT FOR COST RECOVERY, INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF

against Defendants as may be necessary or proper to affect effectuate the declaration of this Court;

6. For costs and attorneys fees; and

7. For such other and further relief as the Court may deem proper.

DATED: July 28, 2023        LAW OFFICES OF THOMAS M. BRUEN
                            A Professional Corporation

                            /s/  Thomas M. Bruen

                            Attorneys for Plaintiff FORWARD. INC.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b),  Plaintiff demands a trial by jury on all issues so triable in this action.

DATED: July 28, 2023        LAW OFFICES OF THOMAS M. BRUEN
                            A Professional Corporation

                            /s/  Thomas M. Bruen

                            Attorneys for Plaintiff FORWARD. INC.

COMPLAINT FOR COST RECOVERY,  INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 7.1, the undersigned, counsel of record for Plaintiff FORWARD, INC. certifies that the following party may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Plaintiff is a wholly-owned subsidiary of REPUBLIC SERVICES, INC., a publicly-traded company. REPUBLIC SERVICES, INC., does not have a parent corporation, and as of March 29, 2023, no publicly held corporation held 10% or more of its stock.

DATED: July 28, 2023

LAW OFFICES OF THOMAS M. BRUEN
A Professional Corporation

/s/ Thomas M. Bruen

Attorneys for Plaintiff FORWARD, INC.